IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:18-cr-20

v.

TONNI MICHAEL LEJA HURTADO
         Defendant.
_____/

**SENTENCING   MEMORANDUM**

COMES NOW, the Defendant, Tonni Michael Leja Hurtado, by and through undersigned counsel, and files this Memorandum of Law in support of his request to reduce the calculation of his guidelines base offense level as presented in the Presentence Report.

The Defendant has entered a guilty plea to Conspiracy to possess with intent to Distribute 5 kilograms or more of cocaine aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. sec. 70503(a), and 70506(a) and (b); and 21 U.S.C. sec. 960(b)(1)(B)(ii).

Tonni Michael Leja Hurtado is a 26 year old male who was born in Manta, Equador. He has lived there all of his life, at the time of his arrest he was residing with his father, and mother and a nephew that they are raising. His girl friend and their child also live there. He was raised by his father and mother.

His role in this conspiracy was to be a mariner on a three man 27 foot open fisherman type boat, they were to deliver the cocaine aboard the boat to someone in Mexico. They were at sea for 4 to 5 days. He was to be paid approximately $15,000.00 in U.S. currency for the trip, he received $ 3,000.00 before he left Equador, and was to receive the balance upon his return.

The United States Probation Office has calculated his base offense level to be 38 based on 1450 kilograms of cocaine, pursuant to USSG 2D1.1(c)(1) of the Drug Quantity Table. The Defendant was merely a mariner and had no position of authority.

The Defendant Hoover Francisco Valencia Renteria contends that his role in this offense qualifies him for a mitigating role reduction pursuant to USSG 3B1.2. The introductory comment to Part B provides that adjustments to the offense level should be based upon the role the Defendant played in committing the offense. The determination of the defendant's role in the offense is to be made on the basis of all conduct within the scope of all relevant conduct, that being the criminal plan, scheme, or enterprise undertaken by all other co conspirators indicted or not.

The Defendant's role in this criminal offense was that of a crewman. He was not an organizer, certainly not a financier. The boat was loaded by others, he was truly at the bottom of the totem pole, and as expendable as an empty gas can to the organizers and those in charge of this criminal conspiracy. The cocaine was loaded aboard this vessel by others he gave no orders but rather orders were given to him by the other conspirators. The Defendant's compensation was minimal in relation to the value of the drugs involved. As stated in application note 3 (A) : The defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity may receive an adjustment under this guideline. For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline. The Defendant 's role in this conspiracy must be classified as minor providing for a 4 level

reduction pursuant to 3B1.2.(a) .

The Defendant contends that with the offense level of 38; and a 2 level reduction for minor role causes a further reduction, because 2D1.1(a)(3)( c ) requires that if a defendant receives an adjustment under 3B1.2 and if the base offense level under subsection ( c ) (iii) is 38, it should be decreased by 4 levels.   The defendant should receive a 2 level reduction pursuant to 2D1.1(b)(17)   Along with a 2 level reduction for acceptance of responsibility,  his TOTAL OFFENSE LEVEL would be  27.  The Defendant's  criminal history category  of  I  resulting in an advisory sentence range based on the USSG of 70 to 87  months in prison.

The 11th Circuit has established a two part process for District Courts  to determine  an appropriate  sentence  following United States v. Booker. 543 US 220 (2005).

First, the Court must consult and correctly determine the sentencing range as prescribed by the Sentencing Guidelines.  Then the Court must impose a reasonable sentence in light of the factors enumerated in 18 U.S.C.  3553(a):

> 1) the need to reflect the seriousness of the offense to promote respect for
>  the law and to provide just punishment.
> 2) The need for deterrence.
> 3) The need to protect the public.
> 4) The need to provide the most effective correctional treatment or
>    medical care.
> 5) The nature and circumstances of the offense.
> 6) The history and characteristics of the defendant.
> 7) The sentencing guideline range.
> 8) The need to avoid unwanted sentencing disparities.

In arriving at an appropriate sentence for the criminal activity involved and this particular defendant the Court must review the defendant's background, which includes his educational level as well as his cultural setting, his entire life has been one of a life in a third world country.

The cost of incarceration should also be taken into consideration in arriving at a

reasonable fair and just sentence in this case.

The fact that the Defendant will be deported after serving his sentence is also a factor to be weighted.

It is the Defendant's position that a sentence of 72 months would be a reasonable sentence under the circumstances of this case. Such a sentence would satisfy all of section 3553(a)'s factors and would be appropriate under the circumstances See Gall v. United States, 128 S.Ct.586 (2007).

Respectfully Submitted,

/s/ Angelo M. Ferlita
ANGELO M. FERLITA

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of June, 2018, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system.

/s/ Angelo M. Ferlita
**ANGELO M. FERLITA, ESQUIRE**
ANGELO M. FERLITA, P.A.
610 Azeele St. Suite 102
Tampa, Florida 33606
(813) 254-7047
Florida Bar No.: 173286